UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-10066-IT |
| | * | |
| JOSE ANTONIO LUGO-GUERRERO, | * | |
| | * | |
| Defendant. | * | |

ORDER
November 30, 2018

TALWANI, D.J.

Defendant and his counsel request that the upcoming sentencing hearing be postponed and that I recuse myself from this case. The requests are DENIED.

Defendant has asked here, and in prior motions, that sentencing be postponed so that sentencing court may have the benefit of "important aspects of the presentence investigation" that had not yet been provided. See e.g. Motion to Continue [#481]; Motion for Reconsideration [#485]. The requested items were: (1) interviews of Defendant's sister and his significant other in order to verify his new outlook on life, (2) an institutional letter from Plymouth Correctional Facility outlining his conduct while imprisoned; and (3) medical records from Plymouth Correctional Facility. Id.  The first two items were added to the Presentence Report as soon as the information was obtained, see Second Addendum to the Presentence Report, and the November 27 sentencing hearing was continued to December 3, 2018, to allow counsel an opportunity to review the material. The final item has also now been obtained by the Probation Office, with the information provided to the undersigned and made available to counsel today. Accordingly, there is no need to further continue the hearing in order to obtain information which is now before the sentencing court.

Counsel asserts further that my prior rulings regarding the requested continuances and the reasons stated in my orders "establish a pattern of bias to the defendant and his counsel and therefore support recusal." Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). At the same time, "'[a] trial judge must hear cases unless [there is] some reasonable factual basis to doubt the impartiality or fairness of the tribunal.'" United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000), quoting Blizard v. Frechette, 601 F.2d 1217, 1221 (1st Cir. 1979). "Thus, under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." Id. Accordingly, I consider here whether my two prior rulings denying the requested continuances would cause a reasonable factual basis to doubt my impartiality or fairness.

The August 22, 2018, scheduling order set sentencing for Tuesday, November 27, 2018, disclosure of the initial pretrial report to counsel no less than five weeks before sentencing, and required counsel to file objections to the presentence report fourteen days after disclosure of the report. Scheduling Order [#423]. Counsel's first motion to continue [#481] was filed three business days before sentencing. I found that Defendant's objection to be untimely "under the court's scheduling order." Electronic Order [#483]. Counsel subsequently provided a copy of an October 30, 2018, letter sent to the Probation Officer seeking the information at issue to support a Motion for Reconsideration. [#485, #485-1]. No reference to this letter was included, however, with the original Motion to Continue [#481]. That I relied on the motion then-before me, the court docket, and the objections that were included with the Presentence Report does not provide any factual basis to doubt my impartiality.

The Motion to Continue [#481] asserted that the probation officer had failed to interview Defendant's "wife." Motion to Continue [#481]. My order denying the request did not credit this assertion "where Defendant has not objected to the statement in the PSR that Defendant 'is currently single and has never been married' PSR para. 191." Electronic Order [#483]. Counsel objects that this finding was made "notwithstanding the fact that the woman that counsel alluded to as the defendants wife, was the defendants' significant other . . . ." That I did not assume that when counsel used the word "wife" he meant "significant other" (a term not found in the PSR), also does not provide a factual basis to doubt my impartiality.

Counsel objects finally that I did not grant a 30-day continuance after learning of his October 30 letter. As indicated in my order on the motion for reconsideration, the Probation Officer had by then obtained two of the three items requested, and I was prepared to hear directly from counsel about Defendant's medical condition. Electronic Order [#485]. Again, my order does not provide a factual basis to doubt my impartiality.

For these reasons, I find no basis on which my impartiality might reasonably be questioned and that under 28 U.S.C. § 455(a), I have a duty not to recuse myself.

IT IS SO ORDERED.

Date:   November 30, 2018                           /s/ Indira Talwani
                                                    United States District Judge

3