UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSE ANTONIO LUGO-GUERRERO,            *
                                       *
        Petitioner,                    *
                                       *
        v.                             *        Criminal Action No. 1:17-cr-10066-IT-1
                                       *
UNITED STATES OF AMERICA,              *
                                       *
        Respondent.                    *

MEMORANDUM & ORDER

April 9, 2021

TALWANI, D.J.

On August 21, 2018, Jose Antonio Lugo-Guerrero pleaded guilty to (1) conspiracy to

distribute and possession with intent to distribute one kilogram of more of heroin, 400 grams or

more of fentanyl, and five kilograms of more of cocaine, in violation of 21 U.S.C. § 846 and

§ 841(b)(1)(A), and (2) possession of a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c). The court sentenced him to a 192-month term of incarceration

followed by a five-year term of supervised release. Now pending before the court is Lugo-

Guerrero's *pro se* Amended Motion to Vacate under 28 U.S.C. § 2255 [#627], alleging that his

attorney provided ineffective assistance of counsel. For the following reasons, the motion is

DENIED.

## I.      Background

### A.      Factual Background

Because Lugo-Guerrero's conviction stems from a guilty plea, the facts are drawn from

the Presentence Investigation Report ("PSR") and the transcript of the sentencing hearing, unless

otherwise noted. See United States v. Connell, 960 F.2d 191, 192-93 (1st Cir. 1992); United

States v. Garcia, 954 F.2d 12, 14 (1st Cir. 1992).

In June and July of 2016, investigators with the Drug Enforcement Agency ("DEA")

conducted court-authorized interceptions of the cell phone of Fernando Hernandez, a Taunton-

based fentanyl dealer. PSR ¶ 11. As a result, they identified Lugo-Guerrero as a major source of

Hernandez's supply. Id. at ¶¶ 11-15. Between August 2016 and January 2017, the DEA

conducted four thirty-day interceptions of Lugo-Guerrero's cell phone, which, along with the

testimony of several cooperating defendants, demonstrated that Lugo-Guerrero supplied

wholesale quantities of heroin, fentanyl, and cocaine to Hernandez and others. Id. at ¶¶ 16-58.

The interceptions also revealed that Lugo-Guerrero obtained his supply in part by robbing other

drug dealers. Id. at ¶¶ 22, 26-33, 59.

    B.    Guilty Plea

On March 22, 2017, a grand jury returned an indictment against Lugo-Guerrero and

twelve co-defendants, charging them with conspiring to distribute heroin, fentanyl, and cocaine.

Indictment [#54]. On November 8, 2017, a grand jury returned a superseding indictment against

Lugo-Guerrero and five co-defendants. Superseding Indictment [#203]. Count Once charged

Lugo-Guerrero with conspiracy to distribute and possession with intent to distribute one

kilogram of more of heroin, 400 grams or more of fentanyl, and five kilograms of more of

cocaine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A), id., and carried a ten-year

mandatory minimum sentence, PSR ¶ 216. Count Two charged him with possession of a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), Superseding

Indictment [#203], and carried a five-year mandatory minimum consecutive sentence, for a total

fifteen-year mandatory minimum sentence, PSR ¶ 217.

Lugo-Guerrero pleaded guilty to both counts of the superseding indictment on August 21, 2018, without a plea agreement. Elec. Clerk's Notes [#421]; Plea Tr. [#554].

C.      *Sentencing Hearing*

The sentencing hearing was held on December 3, 2018. Elec. Clerk's Notes [#498]; Sentencing Tr. [#557]. The PSR found that Lugo-Guerrero was responsible for at least one kilogram of heroin, 400 grams of fentanyl, and five kilograms of cocaine, corresponding to a base offense level of 32. Id. at ¶ 157. The PSR also found that Lugo-Guerrero directed the use of violence, resulting in a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(2), and was a leader of criminal activity that involved five or more participants, resulting in a four-level increase pursuant to U.S.S.G. § 3B1.1(a). Id. at ¶¶ 158, 161. Lugo-Guerrero received a three-level reduction for acceptance of responsibility, for a total offense level of 35. Id. at ¶¶ 165-67. He scored no criminal history points, placing him in criminal history category I. Id. at ¶¶ 171-72. This yielded a guideline sentencing range for Count One of 168-210 months, or 14-17½ years. Id. at 58. The additional consecutive five-year term required by Count Two increased the guideline sentencing range to 228-260 months, or 19-22½ years. Id.

The government requested a sentence of twenty years of imprisonment. Sentencing Tr. 18 [#557]. Lugo-Guerrero's counsel requested the minimum sentence permissible under the law, i.e., fifteen years. Id. at 25. The court departed downward from the guideline range, sentencing Lugo-Guerrero to sixteen years of imprisonment. Id. at 38; Judgment [#503]. According to the Bureau of Prisons website, his release date is October 3, 2030.

D.      *Direct Appeal*

Lugo-Guerrero appealed his sentence, arguing that the court erred in accepting his plea because the court (1) did not ensure that Lugo-Guerrero clearly understood the nature of his

agreement with the government and (2) did not properly advise him of the elements of Count

Two. United States v. Lugo-Guerrero, No. 18-2224, 2020 WL 8184630, at *1 (1st Cir. Aug. 28,

2020), cert. denied, No. 20-6511, 2021 WL 161124 (U.S. Jan. 19, 2021). In a supplemental *pro*

*se* brief, Lugo-Guerrero further argued that the court misunderstood its sentencing authority,

erred in applying a leadership enhancement, erred in denying his motion to suppress wiretap

evidence, and erred in not relying solely on the quantity of drugs seized in determining the drug

quantity. Id. The First Circuit summarily denied Lugo-Guerrero's appeal on August 28, 2020. Id.

  E.   *Post-Sentence Motion to Vacate*

  On February 24, 2021, Lugo-Guerrero filed the pending Amended Motion to Vacate

under 28 U.S.C. § 2255 [#627].

**II.  Standard of Review**

  Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct

his or her sentence. Relief may be granted on the grounds that "the sentence was imposed in

violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction

to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law,"

and (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). In seeking to

collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief,

David v. United States, 134 F.3d 470, 474 (1st Cir. 1998), including entitlement to an evidentiary

hearing, Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001). See also Rules 4 and 8 of the

Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion

and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

relief in the district court, the [court] shall make an order of summary dismissal." Rule 4(b) of

the Rules Governing Section 2255 Proceedings. In other words, a motion brought under § 2255

may be denied without a hearing if the allegations contained in the motion, even if taken as true, do not entitle the petitioner to relief, or if they need not be accepted as true because they state conclusions rather than facts. See Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).

A motion that is filed *pro se* must be construed more leniently than one drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the motion must nevertheless comply with the procedural and substantive requirements of the law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III.      Discussion

#### A.        Ineffective Assistance Standard

Lugo-Guerrero contends that his sentence must be vacated because his attorney provided ineffective assistance. Mot. to Vacate 5-6 [#627]. To establish a claim of ineffective assistance of counsel, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).  "The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee a defendant a perfect or successful defense. See Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012).  Rather, "the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991).

An ineffective assistance of counsel claim has two elements. First, the court determines whether counsel's performance fell below an objective standard of reasonableness. Strickland,

466 U.S. at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, the court assesses whether counsel's challenged acts or omissions prejudiced the petitioner. Id. at 694. This requires the petitioner to demonstrate that "there is a reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The court need not address both elements if the petitioner makes an insufficient showing on one of them. Id. at 697. Additionally, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

  *B. Lugo-Guerrero's Claims*

  Lugo-Guerrero asserts that his attorney was ineffective for not contesting (1) the drug amount to which he pleaded and for which he was sentenced and (2) his sentencing enhancements for a leadership role in the trafficking operation and the unreasonableness of his sentence. Mot. to Vacate 5-6 [#627]. The court considers each in turn.

  1. Drug Quantity

  Lugo-Guerrero contends that his trial counsel was ineffective for "not challenging the drug amount" before the plea hearing and at the sentencing hearing. Mot. to Vacate 5 [#627]. In support of this claim, he cites several paragraphs of the PSR which recount an incident when he sold a co-defendant fifty grams of heroin and fifty grams of fentanyl that were then seized by law enforcement. PSR ¶¶ 40-45. The lab report showed that the amounts seized were 49.26 grams of heroin and 49.47 grams of fentanyl. Id. at ¶ 43. He asserts, in conclusory fashion, that his trial

counsel "failed to address this challenge," Lugo-Guerrero does not explain or describe what it was that his counsel did or failed to do that fell below an objective standard of reasonableness. Mot. to Vacate 5 [#627].

In any event, his claim is refuted by the record. At Lugo-Guerrero's plea hearing, the government described in detail the factual basis for the plea, including the anticipated testimony of a cooperating witness who would testify that Lugo-Guerrero had "agreed to sell 50 grams of heroin and 50 grams of fentanyl to the cooperator" and that he had in fact "distributed those quantities to the cooperator's brother-in-law." Plea Tr. 14-17. The court then had the following colloquy with Lugo-Guerrero:

> THE COURT: [T]he question today is: Do you agree that you were part of the conspiracy to distribute these drugs?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you agree with the quantities of drugs that the government states they can prove?
>
> THE DEFENDANT: Of course.

Id. 20-21. Having admitted to the quantities during the plea hearing, Lugo-Guerrero "is stuck with the representations that he himself ma[de] in open court at the time of the plea," United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003), unless the factual allegations in the motion "include credible, valid reasons why a departure from those earlier contradictory statements is now justified," United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). With no such factual allegations presented, the court relies on the admissions that Lugo-Guerrero made in open court as being true, and finds his claim that counsel was ineffective in challenging the drug quantity lacks merits.

      2.      Leadership Role

Lugo-Guerrero also alleges that his counsel was ineffective in "not challenging leadership role and unreasonableness prior to sentencing and plea hearing." Mot. to Vacate 5 [#627]. The record shows to the contrary that counsel raised each of these arguments. Counsel argued that Lugo-Guerrero did not deserve a four-level leadership enhancement because he only supervised one other person in the trafficking organization. Sentencing Tr. 13-14 [#557]. Counsel also argued that any sentence more than the mandatory minimum sentence was greater than necessary to achieve the purposes of sentencing. Id. at 25. The claim of ineffective assistance of counsel is therefore meritless.

## IV.    Conclusion

For the reasons set forth above, Lugo-Guerrero's Amended Motion to Vacate under 28 U.S.C. § 2255 [#627] is DENIED. Because Lugo-Guerrero has not "made a substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. See 28 USC Sec. 2253(c)(1–2).

IT IS SO ORDERED.

April 9, 2021                           /s/ Indira Talwani
                                             United States District Judge